**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0161-24

IN THE MATTER OF T.T.,[1]
FIRE FIGHTER (M1873W).

_____

Submitted April 14, 2026 – Decided July 6, 2026

Before Judges Susswein and Augostini.

On appeal from the New Jersey Civil Service Commission, Docket Nos. 2023-2197 and 2024-1626.

Weiner Law Group LLP, attorneys for appellant Township of Teaneck (Donald A. Klein and Yoksaidy Sutil, on the briefs).

Jennifer Davenport, Attorney General, attorney for respondent New Jersey Civil Service Commission (Christopher Weber, Assistant Attorney General, of counsel; Zachary L. Aboff, Deputy Attorney General, on the brief).

T.T., self-represented respondent.

PER CURIAM

---

[1] We use initials to protect the confidentiality of the proceedings and the privacy interests of the party. <u>See</u> <u>R.</u>1:38-3(d)(3).

Appellant Township of Teaneck (Township) appeals from the final agency decision of the Civil Service Commission (CSC), reinstating respondent T.T. to the firefighter eligibility list following a protracted dispute regarding his psychological fitness for appointment. We affirm.

I.

T.T. applied to be a firefighter in the Township. In July 2022, T.T.'s name was included on the list of eligible candidates for the title of firefighter. After the list was certified, the Township extended a conditional offer of employment to T.T., subject to completion of medical and psychological evaluations and a background check.

In December 2022, the Township referred T.T. for a psychological evaluation with Han Zhang Liang, Ph.D. Dr. Liang did not recommend T.T. for the firefighter position. He concluded that T.T. was not psychologically suited for the position and recommended that he be removed from the certified list of candidates.

On March 16, 2023, the Township sent a notice to T.T. advising that he had been removed from the firefighter eligibility list for failing to meet psychological standards. T.T. requested an appeal before the Medical Review Panel (MRP) pursuant to N.J.A.C. 4A:4-6.5, which the CSC granted. He also

2

requested the opportunity to undergo another psychological evaluation with "a different psychiatrist." The CSC advised T.T. to provide any additional information he wished to have considered. On June 28, T.T. submitted to the MRP a psychological evaluation by Karin Gepp, Psy.D., who recommended him for the appointment of a firefighter.

On August 18, the MRP met to review T.T.'s appeal, and T.T. appeared. The MRP noted that "Drs. Liang and Gepp came to [] differing conclusions about [T.T.'s] fitness for the position." Dr. Liang, on one hand, "saw problems in the areas of integrity, credibility, attention to safety, and overall prudent judgment," while "Dr. Gepp did not see the same issues in [T.T.'s] history and psychology test result[s]." The MRP concluded:

> Taking into consideration Dr. Liang's and Dr. Gepp's evaluations, [T.T.'s] presentation, the psychological test results, and the behavioral record when viewed in consideration of the job specifications for Fire Fighter it indicates that [T.T.] should have an independent evaluation to further explore the issues noted above by the MRP.

T.T. and the Township objected to a third evaluation. On January 17, 2024, the CSC issued a decision, accepting the MRP's recommendation and ordering T.T. to undergo an independent psychological evaluation with Robert Kanen, Psy. D. It further directed the Township to pay the cost for the

A-0161-24

evaluation. The Township filed a request for partial reconsideration of that decision, challenging the requirement that it pay the cost of the evaluation.

On February 12, 2024, Dr. Kanen issued a written report, finding T.T. to be "functioning within normal ranges," and that "no psychopathology or personality problems that would interfere with [his] work performance." According to the personality testing administered by Dr. Kanen, T.T. "scored in the category of likely to be recommended for employment in a public safety/security position," and "likely to meet expectations." Thus, Dr. Kanen concluded that T.T. "is psychologically suitable for employment as a firefighter for the Town[ship]." Neither party filed exceptions.

On July 23, the CSC issued its final administrative decision, granting T.T.'s appeal and denying the Township's request for reconsideration of the cost of the independent evaluation. The CSC noted that it "is mindful that [T.T.'s] suitability [for the position] will be further assessed during his working test period . . . [which] will ultimately demonstrate whether he has the actual ability to successfully perform the duties of a Fire Fighter." The CSC ordered the Township to restore T.T. to the eligible list, and barring any disqualification from an updated background check, T.T.'s appointment was mandated. The CSC also ordered that upon T.T.'s successful completion of his working test period,

4

he is to be granted retroactive appointment as of January 3, 2023. This appeal followed.

The Township argues that the CSC's decision to order a third evaluation, accept Dr. Kanen's recommendation, and find T.T. fit to serve as a firefighter was arbitrary, capricious, and unreasonable and not supported by credible evidence. The Township also contends that the CSC erred as a matter of law in requiring the Township to bear the costs of the third psychological evaluation.

II.

A.

Our review of the CSC's determinations is limited. Allstars Auto. Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (citing Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (citation omitted)); see Mazza v. Bd. of Trs., Police & Firemen's Ret. Sys., 143 N.J. 22, 25 (1995) ("In light of the executive function of administrative agencies, judicial capacity to review administrative actions is severely limited."). "An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." In re Herrmann, 192 N.J. 19, 27-28 (2007).

A-0161-24

The party challenging the administrative action bears the burden of making that showing. Lavezzi v. State, 219 N.J. 163, 171 (2014).

In reviewing an agency's decision, we consider:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law;
>
> (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and
>
> (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Allstars Auto. Grp., Inc., 234 N.J. at 157 (quoting In re Stallworth, 208 N.J. 182, 194 (2011) (citation omitted)) (internal quotation marks omitted).]

see In re Proposed Quest Acad. Charter Sch. of Montclair Founders Grp., 216 N.J. 370, 383 (2013); Mazza, 143 N.J. at 25. "When an agency's decision meets those criteria, then a court owes substantial deference to the agency's expertise and superior knowledge of a particular field." Herrmann, 192 N.J. at 28; see In re Request to Modify Prison Sentences, 242 N.J. 357, 390 (2020) ("Wide discretion is afforded to administrative decisions because of an agency's specialized knowledge."). However, "[a]lthough administrative agencies are

entitled to discretion in making decisions, that discretion is not unbounded and must be exercised in a manner that will facilitate judicial review." In re Vey (Vey I), 124 N.J. 534, 543-44 (1991).

B.

We begin with the Township's argument that the CSC violated express and implied legislative policies and erred in ordering a third evaluation. The Township asserts that Dr. Liang's evaluation properly identified the job functions of a firefighter and analyzed those factors in the context of his psychological findings of T.T. Therefore, the Township contends it was arbitrary, capricious, or unreasonable to order another evaluation. We disagree with this contention.

The CSC is responsible for making civil service appointments "according to merit and fitness." N.J. Const. art. VII, § 1, ¶ 2; see N.J.S.A. 11A:1-2. The Civil Service Act (Act), N.J.S.A. 11A:1-1 to 11A:12-6, gives the CSC authority to render the final administrative decision on appeals. N.J.S.A. 11A:2-6(a). "[A] 'strong presumption of reasonableness attaches to the actions of the administrative agenc[y].'" In re Caroll, 339 N.J. Super. 429, 437 (App. Div. 2001) (quoting Matter of Vey (Vey II), 272 N.J. Super. 199, 205 (App. Div. 1993)).

When an applicant appeals from his or her removal from an eligibility list due to psychological disqualification reasons, the CSC is authorized to submit a "psychological appeal[] to the [MRP]." N.J.A.C. 4A:4-6.5(g). The MRP is comprised of medical and psychological professionals with expertise in the fields of psychology and psychiatry. Ibid. Thus, the CSC acted within its regulatory authority in referring T.T.'s appeal to the MRP for further consideration.

We reject the Township's assertion that Dr. Liang's report was adequate and that the CSC gave "short shrift" to the disqualifying factors noted in his report. The MRP recognized T.T.'s negative factors, including his negative legal interactions, his motor vehicle accidents as well as the negative background recommendations. The MRP considered all relevant factors and other relevant information, and concluded:

> Taking into consideration Dr. Liang's and Dr. Gepp's evaluations, [T.T.]'s presentation, the psychological test results, and the behavioral record when viewed in consideration of the jobs specifications for Fire Fighter, it indicates that the applicant should have an independent evaluation to further explore the issues noted above by the MRP.

An independent evaluation was also needed to resolve the contradictory opinions of Drs. Liang and Gepp and to review issues not fully explored by

8

either of these professionals. The MRP determined that an independent evaluation was needed to more fully explore T.T.'s attention deficit hyperactivity disorder (ADHD) difficulties, his driving and employment history, to discern whether those issues reflect attention problems or poor decision-making skills. We discern no error in the CSC's reliance on the MRP's expertise and adoption of its recommendation for a third psychological evaluation to explore potential psychological concerns.

The Township further contends the CSC erred in accepting Dr. Kanen's finding of T.T.'s psychological fitness for the firefighter position because he did not address the factual issues the MRP noted needed further exploration. For example, the MRP and CSC noted T.T.'s driving history involving eight motor vehicle accidents where T.T. was at fault for two. Although the Township asserts T.T.'s driving record alone was sufficient to disqualify him for the firefighter position, it argues that Dr. Kanen did not explore such factual issues.

Contrary to the Township's assertions, Dr. Kanen noted that T.T. had "been involved in several motor vehicle accidents[,]" two of which were his fault. He also noted that "[a]t present, there are no points on his license." He also took note of T.T.'s ADHD history but concluded that T.T. had improved: his "[t]hought processes were logical and coherent. There was no evidence of

A-0161-24

mental illness[,] . . . [and] [h]e is not currently taking medication for mental health problems." Dr. Kanen considered T.T.'s prior employment history, including his past resignation in lieu of termination, and his prior evaluations, noting that he "failed [a prior] psychological evaluation" in 2021. The Township's assertion that Dr. Kanen failed to address the concerning factual issues is not supported by the record.

We also reject the Township's assertion that a remand is necessary to resolve factual matters not properly addressed by the MRP, the CSC, or Dr. Kanen's evaluation. The primary reason for the independent evaluation was to determine T.T.'s psychological fitness for the position because the existing record did not definitively answer that question. With Dr. Kanen's report, however, the record provides sufficient support and satisfies the CSC's determination that T.T. was indeed psychologically fit. There are no remaining issues to be addressed on remand.

After reviewing the entire record, administering psychological testing and conducting a clinical interview, Dr. Kanen concluded that T.T. is "psychologically suitable for employment as a firefighter for the Town[ship]." Relying on Dr. Kanen's evaluation, namely that T.T. was psychologically suited for the position, the CSC ordered the Township to restore T.T. to the eligibility

list and mandated his appointment to the firefighter position. We are satisfied the CSC's determination to rely on Dr. Kanen's independent evaluation and restore T.T. to the list was neither arbitrary, capricious, nor unreasonable. This decision was well-grounded in the record's credible evidence.

The Township challenged T.T.'s psychological fitness for the job as a firefighter, and it was the Township's burden to prove his unfitness. See (Vey I), 124 N.J. at 540. Following its review of Dr. Kanen's findings, the CSC determined that the Township had not met its burden. As a result, the CSC found T.T. fit for the firefighter position, ordered his restoration to the eligibility list, and mandated his retroactive appointment. The CSC's decisions were fully supported by the record, in accordance with the Act, and neither arbitrary, capricious, nor unreasonable.

### III.

We next address the Township's remaining contention that the CSC erred in holding it responsible for the cost of the third evaluation and denying the Township's motion for reconsideration of the CSC's order assessing the cost of the evaluation. The Township contends that because it did not request the third evaluation, the CSC erred as a matter of law in assessing this cost against the Township. We disagree.

A-0161-24

N.J.A.C. 4A:4-6.3(b) provides that the appointing authority has the burden of proof to establish that a candidate is medically or psychologically unfit for a position. "Psychological examinations performed at the appointing authority's request shall be at the authority's expense." N.J.A.C. 4A:4-6.5(a)(3). However, in the event of an appeal, the CSC may submit psychological appeals to the MRP, who may request additional psychological . . . examinations. N.J.A.C. 4A:4-6.5(g). In the event of "the inadequacy of a professional report necessitates an independent professional evaluation," the CSC may assess costs against a party. N.J.A.C. 4A:4-6.5(g)(5)

The Township asserts that the CSC erroneously described Dr. Liang's report as inadequate when the MRP did not describe the report as such. The MRP noted that "[t]he question for the evaluators and the MRP related to those recommendations is whether there are psychological factors in [T.T.'s] presentation, history, or testing that indicate that the candidate 'cannot be trusted,' or that he is a 'loose cannon.'" The MRP detailed several areas that need further exploration, for instance, areas around T.T.'s integrity, his motor vehicle record, and history of ADHD. Neither the Township nor T.T. requested another evaluation; however, the MRP, relying on their expertise, recommended an

independent evaluation to further explore these issues and determine whether T.T. is psychologically suitable for the position of firefighter.

Because the Township has the burden of proving T.T. was not psychologically fit for the position and there remained areas in need of further exploration and open questions, we are satisfied the CSC's decision to assess the cost of the third evaluation against the Township was not arbitrary, capricious, or unreasonable.

In sum, we conclude that the CSC complied with its regulatory obligations to assess T.T.'s merit and fitness for the firefighter position, and there is sufficient credible evidence in the record to support its final determination that T.T. was psychologically fit for the firefighter position. We are satisfied the CSC's decisions to return T.T. to the eligibility list and mandate his appointment as a firefighter were not arbitrary, unreasonable, or capricious and were supported by sufficient credible evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division